**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MARTY RAY HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:08-cv-01322-SEB-DML |
| | ) |
| SUMMIT TREESTANDS, LLC, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

The question presented by the motion for summary judgment in this products liability action in which it is alleged that the plaintiff was injured while hunting and using a climbing treestand manufactured and/or designed by the defendant is whether, based on the evidence of record, there is any material dispute of fact that requires a trial. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003).

According to the undisputed evidentiary materials submitted in support of the motion for summary judgment, including the admissions under Rule 36(a)(3) of the *Federal Rules of Civil Procedure*, there is no genuine dispute as to any material issue of fact and the defendants are entitled to judgment as a matter of law.

The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). By not responding to the motion for summary judgment, the plaintiff has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997).

The defendant has established that the plaintiff has no evidence to show that the subject treestand was in any way defective, the plaintiff has no expert or any evidence in support of a design defect claim, negligent manufacture claim, breach of implied warranty claim, breach of express warranty, etc., the plaintiff has no evidence to establish that the treestand was in a defective condition or unreasonably dangerous, and the plaintiff has no evidence that there was any foreseeable danger associated with the use of the treestand for which the defendant failed to provide a warning. These are the elements of a products

liability action under any of the theories suggested by the complaint. The absence of evidence supporting any of these elements is fatal to the plaintiff's claim, for if the non-moving party fails to make a sufficient showing on an essential element of his case on which the party will bear the burden of proof at trial, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (on summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial")(citing *Celotex*).

The motion for summary judgment (dkt 84) is **granted.** Judgment consistent with this Entry and with the dismissal of any claims asserted by co-plaintiff Kimberly Hope Howard shall now issue.

**IT IS SO ORDERED.**

Date: 12/09/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana